Filed 11/10/20  P. v. Goffney CA4/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DAVID LEE GOFFNEY,<br><br>    Defendant and Appellant. | G058210<br><br>(Super. Ct. No. FVA023273-2)<br><br>O P I N I O N |

Appeal from a postjudgment order of the Superior Court of San Bernardino County, Stephan G. Saleson, Judge.  Request for judicial notice.  Denied.  Reversed and remanded.

Gregory L. Cannon, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Thomas S. Patterson, Assistant Attorney General, Tamar Pachter and Nelson R. Richards, Deputy Attorneys General, as Amicus Curiae in support of Defendant and Appellant.

Jason Anderson, District Attorney, and James R. Secord, Deputy District Attorney, for Plaintiff and Respondent.

*        *        *

In 2008, a jury found David Lee Goffney guilty of first degree murder (Pen. Code, § 187, subd. (a); all further statutory references are to the Penal Code).In an unpublished opinion, this court modified the judgment to "to accurately reflect the proper fines and sentence imposed by the trial court," but otherwise affirmed the judgment. (*People v. Goffney* (Oct. 28, 2011, G043507) [nonpub. opn.].)

In 2018, the Legislature enacted Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Stats. 2018, ch. 1015, § 40 (Sen. Bill 1437), which limited accomplice liability under the felony murder rule and the natural and probable consequences doctrine by amending sections 188 and 189. (§§ 188, 189; see *People v. Cruz* (2020) 46 Cal.App.5th 740, 755 (*Cruz*); *People v. Solis* (2020) 46 Cal.App.5th 762, 768 (*Solis*).) Sen. Bill 1437 also implemented a process allowing persons previously convicted of murder under a natural and probable consequences theory or the felony murder rule to petition the superior court to vacate their murder convictions and for resentencing, if they could not be convicted of murder now based on the amendments to sections 188 and 189. (§ 1170.95.)

In 2019, Goffney filed a petition for resentencing under section 1170.95. The petition alleged he was convicted of first degree murder under a theory of felony murder or murder under the natural and probable consequences doctrine, and that under Sen. Bill 1437 he could not now be convicted of murder.

The trial court denied the petition on the sole basis that Sen. Bill 1437 was unconstitutional because it violates the rights of victims to see a final judgment imposed on the perpetrators of crimes against them pursuant to Proposition 9, commonly known as the "Victims' Bill of Rights Act of 2008" (Marsy's Law). As discussed below, we conclude Sen. Bill 1437 is not contrary to Marsy's Law because Marsy's law does not preclude new postconviction resentencing procedures, such as the resentencing provisions of Sen. Bill 1437. (*People v. Lamoureux* (2019) 42 Cal.App.5th 241, 264-265 (*Lamoureux*).)

2

The District Attorney argues Sen. Bill 1437 is unconstitutional because a successful section 1170.95 petition requires the trial court to vacate a final judgment in violation of the separation of powers. As discussed below, we conclude Sen. Bill 1437 does not impermissibly intrude into the judiciary's power to resolve controversies because reopening a final judgment of conviction poses no "risk to individual liberty interests" and provides "potentially ameliorative benefits to the only individuals whose individual liberty interests are at stake in a criminal prosecution." (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 261.)

Finally, the District Attorney argues Sen. Bill 1437 is unconstitutional because it improperly amends Propositions 7 and 115. In two recently published opinions, this court concluded Sen. Bill 1437 is constitutional because it neither adds any particular provision to nor subtracts any particular provision from either Proposition 7 or Proposition 115. (*Cruz*, *supra*, 46 Cal.App.5th at p. 747; *Solis*, *supra*, 46 Cal.App.5th at p. 769.) Nothing here has changed our view. Accordingly, we reverse the trial court's order and direct the trial court to consider the merits of Lopez's petition.

I

FACTUAL AND PROCEDURAL BACKGROUND

In 2004, then 16-year-old Goffney, 18-year-old Walter Comminey, and a 13-year-old minor, were involved in an attempted robbery where Comminey shot and killed Luis Soria, one of the robbery victims. The jury convicted Goffney of first degree murder on a felony-murder theory. Goffney was sentenced to life in prison with the possibility of parole. (*People v. Goffney* (Oct. 28, 2011, G043507) [nonpub. opn.].)

After the Legislature enacted Sen. Bill 1437, Goffney filed a petition requesting resentencing under section 1170.95. The District Attorney opposed the petition, arguing Sen. Bill 1437 violates the California Constitution because (1) it violates the provisions of Marsy's Law; (2) it violates the separation of powers doctrine to the extent it sets aside final judgments; (3) it improperly amends Propositions 7; and 115, and

(4) in the alternative, that Sen. Bill 1437's amendments to felony murder did not apply to Goffney because he was a major participant in the attempted robbery and acted with reckless indifference to life.

The trial court struck the resentencing petition after concluding that Sen. Bill 1437 violates Marsy's Law.

## II

### DISCUSSION

The District Attorney contends Sen. Bill 1437 conflicts with Marsy's Law's intent to expand and protect victims' rights. (Cal. Const., art. I, § 28, subd. (a)(6).) According to the District Attorney, Sen. Bill 1437 denies victims their right to a prompt and final resolution of a criminal case because it "creat[es] an entirely new path for murderers to reduce their lawfully imposed sentences . . . ." But Marsy's Law "did not foreclose postjudgment proceedings altogether. On the contrary, it expressly contemplated the availability of such postjudgment proceedings, including in [article I,] section 28, subdivision (b)(7) of the [California] Constitution, which affords victims a right to reasonable notice of 'parole [and] other [postconviction] release proceedings,' and in subdivision (b)(8), which grants victims a right to be heard at 'postconviction release decision[s] . . . .'" (*Lamoureux*, *supra*, 42 Cal.App.5th at pp. 264-265.) Indeed, courts have recognized that victims may exercise these rights during postjudgment proceedings that did not exist when Marsy's Law was approved. (See *People v. Superior Court (Kaulick)* (2013) 215 Cal.App.4th 1279, 1300 [victims have right to be heard at resentencing hearings under Proposition 36].) In sum, nothing in Marsy's Law restricts the Legislature from creating new postconviction procedures, such as the resentencing provisions of Sen. Bill 1437. (*People v. Bucio* (2020) 48 Cal.App.5th 300, 313 (*Bucio*).)

The District Attorney also argues that Sen. Bill 1437 violates a victim's right to have the safety of the victims, the victim's family, and the general public

4

considered before any "postjudgment release decision" is made. (Cal. Const., art. I, § 28, subd. (b).) We disagree.

Assuming a disposition of a section 1170.95 petition is a postjudgment release decision, a trial court granting relief under section 1170.95 must then resentence the petitioner on any remaining counts. (§ 1170.95, subd. (d)(1).) Upon resentencing, the court may weigh the same sentencing factors it considers when initially sentencing a defendant, including whether the defendant presents "'a serious danger to society' and '[a]ny other factors [that] reasonably relate to the defendant or the circumstances under which the crime was committed.' [Citation.]" (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 266.) The court's ability to consider these factors "ensures the safety of the victim, the victim's family, and the general public are 'considered,' as required by Marsy's Law." (*Ibid.*) Thus, the resentencing provisions of Sen. Bill 1437 comply with the requirements of Marsy's law. (*Bucio*, *supra*, 48 Cal.App.5th at p. 313.)

Next, the District Attorney argues the resentencing provisions of Sen. Bill 1437 violates the separation of powers doctrine because a successful section 1170.95 petition requires the trial court to vacate a final judgment. We do not find the contention persuasive. As the *Lamoureux* court explained, the fundamental purpose underlying the separation of powers doctrine is to protect the liberty of individuals. (*Lamoureux*, *supra*, 42 Cal.App.5th at p. 260.) Legislation reopening a final judgment of conviction poses no "risk to individual liberty interests" and provides "potentially ameliorative benefits to the only individuals whose individual liberty interests are at stake in a criminal prosecution." (*Id*. at p. 261 [citing to several cases recognizing that reopening final judgments does not violate the separation of powers doctrine].) In fact, there are several examples of remedial legislation authorizing the "ameliorative" reopening of final judgments of conviction, such as Propositions 36 and 47. (Prop. 36, as approved by voters, Gen. Elec. (Nov. 6, 2012); Prop. 47, as approved by voters, Gen. Elec. (Nov. 4, 2014).) (*Lamoureux*, 42 Cal.App.5th at p. 262.) The "prevalence of such legislation . . . confirms

there is nothing especially unique about section 1170.95, which appears . . . to constitute a legitimate and ordinary exercise of legislative authority." (*Lamoureux*, 42 Cal.App.5th at p. 263.) Accordingly, Sen. Bill 1437 does not infringe on the judiciary's power to resolve controversies. (*Bucio*, *supra*, 48 Cal.App.5th at p. 312-313.)

Finally, the District Attorney argues Sen. Bill 1437 improperly amended Propositions 7 and 115. We disagree. As recently discussed in *Cruz*, *supra*, 46 Cal.App.5th 740, and *Solis*, *supra*, 46 Cal.App.5th 762, Sen. Bill 1437 did not amend either initiative.[1]

Proposition 7 increased the penalties for first and second degree murder by amending section 190, and sought to strengthen and expand the death penalty by amending sections 190.1 through 190.5. (*Cruz*, *supra*, 46 Cal.App.5th at pp. 751-754; *Solis*, *supra*, 46 Cal.App.5th at pp. 775-776.) As we previously concluded, Sen. Bill 1437 does not amend Proposition 7 because Sen. Bill 1437 "does not take away from the initiative's statutory provisions; it does not authorize what Proposition 7 prohibits or prohibit what Proposition 7 authorizes; and it addresses an area related to but distinct from Proposition 7's provisions concerning the penalty for murder." (*Cruz*, *supra*, 46 Cal.App.5th at p. 757; accord, *Solis*, *supra*, 46 Cal.App.5th at p. 779.)

Proposition 115, among other things, amended section 189 by adding five serious felonies to the list of predicate offenses for first degree felony murder. (*Cruz*, *supra*, 46 Cal.App.5th at pp. 759-760; *Solis*, *supra*, 46 Cal.App.5th at p. 780.) Sen. Bill 1437 does not amend Proposition 115 because it did not remove Proposition 115's five felonies from the list of predicate offenses. In addition, Sen. Bill 1437's restrictions on accomplice liability for felony murder did not constitute an amendment to Proposition

---

[1] The District Attorney filed a request for judicial notice of various legislative and ballot materials related to Propositions 7 and 115. The same or similar materials were considered in *Cruz* and *Solis*. Because those materials do not change our agreement with the reasoning and conclusions in *Cruz* and *Solis*, we deny the request for judicial notice.

115 because Proposition 115 did not specifically authorize or prohibit restrictions on the application of the first degree felony-murder rule to accomplices. (*Cruz*, *supra*, 46 Cal.App.5th at pp. 759-760; *Solis*, *supra*, 46 Cal.App.5th at pp. 781-782.) In sum, Sen. Bill 1437 does not unconstitutionally amend Proposition 7 or Proposition 115.

III

DISPOSITION

The order is reversed and the matter remanded for further proceedings on Lopez's section 1170.95 petition.

ARONSON, J.

WE CONCUR:

MOORE, ACTING P. J.

FYBEL, J.

7